851 F.2d 1501
 271 U.S.App.D.C. 274
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Gerald H. SHERMAN, Plaintiff-Appellant,
v.
NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE.
 No. 87-7196.
 United States Court of Appeals, District of Columbia Circuit.
 May 3, 1988.
 
 Before RUTH BADER GINSBURG and SENTELLE, Circuit Judges, and EDMUND L. PALMIERI,* District Judge.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and was briefed and argued by counsel for the parties. On full review of the case, the court has determined that the issues presented do not warrant a published opinion. See D.C.Cir.R. 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed. It is
 
 
 3
 FURTHER ORDERED, by the Court, on its own motion, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 The plaintiff-appellant's decedent, Jacob P. Billig, a practicing attorney until the time of his death, was the owner and insured under a policy of life insurance issued by the defendant-appellee North American Company for Life and Health Insurance ("North American"). In a suit to recover the $200,000 principal amount of the policy, summary judgment was awarded to North American after removal of the action from the District of Columbia Superior Court. 28 U.S.C. Secs. 1441(a); 1331(a)(1); 1331(d).
 
 
 5
 We affirm the District Court's judgment because all of the material facts necessary to sustain it were established by undisputed evidence, and because appellant has not persuaded us that there are "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 6
 The policy, dated July 12, 1983, provided for payment of its face amount upon proof of death "while the policy is in force ... in consideration of the application and the payment of the premiums." Premiums were due "annually in advance ... [of] the Policy Date." The policy would automatically become void if any premium were not paid when due, after the expiration of a thirty-one day grace period.
 
 
 7
 Billig failed to make timely payment of the annual premium of $644.00 due July 12, 1985 for the third year of the policy. His secretary telephoned North American in September of 1985, and a message taken by a North American employee states that "Mr. Billig said he did not receive a billing notice." North American sent Billig a duplicate notice, which Billig returned with a $644.00 check that North American negotiated. But before negotiating his check, North American had placed Billig's policy on "lapsed" status. North American advised Billig by letter dated October 8, 1985 that his policy had lapsed and that reinstatement of the policy would necessitate a fresh application and statement of health. At the same time, North American issued him a check marked "premium refund" in the amount of $644.00, which Billig cashed. The reinstatement application, filled out and signed by Billig, contained the following provision: "I understand and agree that ... no coverage shall become effective until this application is approved by [North American]...." Billig, in answer to questions on the reinstatement application, revealed that he had recently been hospitalized for depression and provided the names and addresses of the two doctors who had treated him.
 
 
 8
 North American advised Billig by letter dated December 3, 1985 of its refusal to reinstate his policy and reimbursed him for the $644.00 he had tendered with the reinstatement application. This check, also marked "premium refund," was negotiated by Billig. He did not communicate with North American again before his death some three months later.
 
 
 9
 We can discern no tenable basis for the appellant Trustee's contention that the insured had a viable claim against North American after he filled out and tendered the reinstatement application of October 16, 1985. This document was an unequivocal statement by Billig that he had waived any claims under the policy and that he was seeking to initiate a fresh cycle of contractual rights and responsibilities. In sum, we agree with the district court to this extent: the insurance policy lapsed by its terms; the insured's conduct demonstrated his full understanding that this lapse had occurred, that he could regain coverage only by applying for reinstatement, and that the company had turned down his reinstatement application because of his medical condition. See Sherman v. North Am. Co. for Life and Health Ins., No. 86-3367 at 6, 7 (D.D.C. Aug. 9, 1987). We further note that, once the policy expired by its terms, the insurance company was not bound to grant the insured any post-expiration extension beyond whatever period it elected to accord him. Summary judgment, for the reasons we have stated, was appropriately awarded to North American.
 
 
 10
 We affirm the judgment of the District Court with costs.
 
 
 
 *
 Senior United States District Judge for the Southern District of New York, sitting by designation pursuant to 28 U.S.C. Sec. 294(d)